Milbank
GURBIR GREWAL
*Partner*
55 Hudson Yards | New York, NY 10001
T: +1 (212) 530-5775
ggrewal@milbank.com | milbank.com

September 23, 2026

**By Electronic Filing**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106

**Re: *United States v. City of Newark*, No. 26-3141**

Dear Ms. Dodszuweit,

Pursuant to this Court's September 9, 2026, Order, Dkt. No. 4, Defendants-Appellees jointly submit that this Court lacks jurisdiction over the United States' appeal from the district court's order, D. Ct. Dkt. No. 79, dismissing its complaint without prejudice.

Federal courts of appeals have jurisdiction over "appeals from all final decisions of the district courts," 28 U.S.C. § 1291, but "an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action," *Borelli v. City of Reading*, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). Thus, in *Borelli*, the Court declined to consider an appeal from an order dismissing a complaint without prejudice for lack of standing. *Id*. at 952. That straightforward rule controls here. As in *Borelli*, the district court below dismissed the United States' complaint without prejudice for lack of standing and invited the United States to amend the complaint within 45 days. D. Ct. Dkt. No. 79 at 2. That was not a final order of dismissal.

Nor can the United States invoke either of the two recognized exceptions to the finality requirement. This Court has held that an order dismissing a complaint without prejudice becomes final and appealable where the plaintiff "declares his intention to stand on his complaint" or "cannot amend" his complaint. *Borelli*, 532 F.2d at 952. But as this Court subsequently emphasized in *Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019), those are "narrow" exceptions that apply only where there is "no doubt" that the plaintiff has relinquished his right to amend and the district court considers the case closed. *Id.* at 240-241. Accordingly, courts regularly apply *Weber* and *Borelli* to dismiss appeals from non-final orders like this one. *See, e.g.*, *Doria v. Am. Int'l Grp*, No. 24-2938, 2025 WL 4694544, at *1 (3d Cir. Nov. 4, 2025) (citing *Borelli* and *Weber* and dismissing appeal from non-final order where plaintiffs "failed to show a clear and

unequivocal intent to stand on their complaint"); *Grossberger v. N.J. Off. Div. of L.*, 2024 WL 3272544, at *1 (3d Cir. April 11, 2024) (same).

The United States cannot invoke the "stand on the complaint" exception. As this Court explained in *Weber*, this exception applies "sparing[ly]" where a plaintiff has (1) expressed "a clear and unequivocal intent to decline amendment," typically by filing a "Notice of Intention to Stand on [the] Complaint" in the district court, and (2) requested the district court enter final judgment dismissing the complaint. 939 F.3d at 239-241 (citation modified). That expression of "clear and unequivocal" intent to abandon amendment is key. *Id.* at 240.

Indeed, the Court declined to apply that exception in *Weber* itself, even though the plaintiff there expressly told the district court she wished to "take her case into appeal" and sought a final order. *Id.* (citation modified). The Court held even *that* was insufficient because the plaintiff "did not submit a clear and unequivocal declaration of intent to 'stand on her complaint' " in the district court and did not actually obtain a final order dismissing the complaint *with prejudice*—the district court merely entered a docket entry terminating the case and referencing the previous decision to dismiss *without prejudice*. *Id.* at 236 & n.5, 240. This Court therefore dismissed her appeal. *Id.* at 242. Other courts follow the same practice. *E.g.*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1134, 1136-37 (9th Cir. 1997) (en banc) (dismissing where the plaintiff "did not amend, did not tell the district court that it would not do so, and did not obtain a final order of dismissal"); *Sapp v. City of Brooklyn Park*, 825 F.3d 931, 934 (8th Cir. 2016) ("a plaintiff may not appeal the dismissal of a complaint when the district court grants the plaintiff leave to amend" (citation modified)).

The United States here did far less than the plaintiff in *Weber*. On September 22, 2026, the United States filed a letter in the district court that declares that the United States "stands on the complaint," but then asks the court to "enter a final order dismissing the complaint *without prejudice*." D. Ct. Dkt. No. 85 at 1 (emphasis added). That is far from the "clear and unequivocal declaration" *Weber* requires, 939 F.3d at 240, because, in again asking for dismissal without prejudice, the United States is asking the district court to preserve its ability to amend the complaint. But *Weber* held that the "key to finding finality" is "[l]ack of doubt" that the plaintiff is not "willing or able to amend." *See id.* 239, 241 (citation modified). The plaintiff therefore must notify the district court—unequivocally—that he "does not desire to amend." *Id.* at 241 (quoting *Borelli*, 532 F.2d at 951 n.1). The United States did no such thing. Thus, just as in *Weber*, "the 'stand on the complaint' doctrine cannot rescue the lack of a final order given [the United States'] ambiguous actions." *Id.* at 240.

The United States also cannot invoke the "cannot amend" exception, *Borelli*, 532 F.2d at 952, because it comes into play only when there is a legal bar to amendment or re-filing, such as the running of a statute of limitations, or where the complaint is dismissed on purely legal grounds that make amendment impossible. *See, e.g. Newark Branch, NAACP v. Town of Harrison*, 907 F.2d 1408, 1416 (3d Cir. 1990). There is no statute of limitations or other similar legal bar to amendment here. And while the United States may argue that it cannot amend its complaint now because the 45-day period to amend the complaint has expired, this Court has already rejected that

argument in *Weber*. The plaintiff there argued that the district court's order dismissing her complaint without prejudice "matured into a final decision" upon "the expiration of the thirty-day period for her to amend." 939 F.3d at 238 (citation modified). The Court disagreed, because the district court's order "was not self-executing"—that is, the order provided no notice that it would automatically become final upon expiry of that period. *Id.* at 240 (quotation marks omitted). So too here. The district court simply directed the United States to "file an amended complaint within 45 days of" the order, D. Ct. Dkt. No. 79 at 2. The order lacked any language converting it into a final dismissal order at the end of that period.

Nor is this a case where the dismissal was purely on legal grounds, such that there is no way to "supply further particularized allegations of fact by amendment," *Borelli*, 532 F.2d at 951. The district court dismissed the complaint in part because the United States failed to "plead facts that substantiate its feared harm." D. Ct. Dkt. No. 78 at 32; *see also id.* at 31-32, 34 (detailing the various factual deficiencies in the complaint). The district court therefore dismissed without prejudice specifically to allow the United States to remedy those deficiencies. *See Borelli*, 532 F.2d at 952 (order dismissing without prejudice for lack of standing is not final given the "possibility of an amendment"). The "cannot amend" exception does not apply, either.

This Court therefore lacks jurisdiction over the United States' appeal. And while dismissal "may well mean a party must delay appellate review" and " 'may impose additional litigation expense,' " that " 'is not sufficient to set aside the finality requirement imposed by Congress.' " *Weber*, 939 F.3d at 236 (quoting *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 436 (1985)). That finality requirement prevents a plaintiff from appealing, and then, if it loses, returning to the district court for a second bite at the apple. "The benefits of certainty are superior to the costs." *Id.* The Court should dismiss the appeal for a lack of appellate jurisdiction.

Respectfully submitted,

*<u>/s/ Gurbir S. Grewal</u>*
Gurbir S. Grewal
Milbank LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5775
ggrewal@milbank.com

*Counsel for Defendants City of Newark, Ras Baraka, the Newark City Council, C. Lawrence Crump, City of Hoboken, Ravinder S. Bhalla, Hoboken City Council, and James Doyle*

*<u>/s/ Sarah Michael Levine</u>*
Sarah Michael Levine
City of Jersey City
280 Grove Street – City Hall
Jersey City, NJ 07302
Telephone: (201) 547-4667
slevine@jcnj.org

*Counsel for Defendants City of Jersey City, Steven Fulop, Jersey City City Council, and Joyce Watterman*

*<u>/s/ Aymen A. Aboushi, Esq.</u>*
Aymen A. Aboushi, Esq.
City of Paterson
155 Market Street
Paterson, NJ 07505
Telephone: (973) 321-1366
aaboushi@patersonnj.gov

*Counsel for Defendants City of Paterson, André Sayegh, Paterson City Council, and Alex Mendez*

cc: All counsel of record via CM/ECF